UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DREW RAMSEY-WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:05-cv-3 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| GENE WRIGGLESWORTH et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on or about January 13, 2005, and an amended complaint on or about January 27, 2005.  The Court issued an opinion and order March 31, 2005, dismissing the claims set forth in the amended complaint for failure to state a claim upon which relief may be granted, with the exception of his equal protection claim against Officer Greer.  This matter now is before the Court upon Plaintiff's motion for rehearing brought pursuant to W.D. Mich. LCivR 7.4(a) (docket #12).  Before the Court may grant such a motion, "The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof."

Discussion

In his motion, Plaintiff argued that the Court failed to address and rule on the claims set forth in the original complaint.  "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."  *In re Atlas Van Lines*

*Inc.*, 209 1064, 1067 (8th Cir. 2000) (*citing Washer v. Bullitt County*, 110 U.S. 558, 562 (1884));
*see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d
1124, 1128 (2d Cir. 1994); *Smith & Nephew Inc. v. Federal Ins. Co.*, No. 03-6236, 2004 WL
2300022, at *3 (6th Cir. Oct. 8, 2004).   Because Plaintiff's amended complaint superseded his
original complaint, the Court properly considered only those claims contained in the amended
complaint.  Even if the Court had considered the claims contained in the original complaint, they are
without merit for the reasons discussed below.

       Plaintiff's original complaint contained five claims not asserted in his amended
petition.  First, Petitioner claimed that he was denied access to the courts because the jail does not
provide ink pens for drafting legal pleadings.  Second, Plaintiff claimed that he does not have
adequate access to a law library to assist his legal counsel in his criminal proceedings.  It is well
established that prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430
U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right
of access to the courts by providing law libraries or alternative sources of legal information for
prisoners.  *Id.* at 817.  The Court further noted that in addition to law libraries or alternative sources
of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal
documents, notarial services to authenticate them, and with stamps to mail them."  *Id.* at 824-25.
An indigent prisoner's constitutional right to legal resources and materials is not, however, without
limit.  In order to state a viable claim for interference with his access to the courts, a plaintiff must
show "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168
F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992).  In other
words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance

program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff does not allege that he has suffered any injury because he is forced to write legal pleadings in pencil, rather than ink.  This Court, for example, accepted Plaintiff's pleadings written in pencil.  Moreover, Plaintiff cannot claim that his lack of access to a law library violates his right of access to the courts because he is represented by counsel in his criminal proceedings. *See Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991); *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).  Plaintiff, therefore, fails to state a First Amendment claim for violation of his right of access to the courts.

Next, Plaintiff claimed in his original complaint that he was placed in the maximum security unit in violation of his due process rights.  A prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995).  In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-791(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation.  The court held that regardless of the mandatory language of the prison regulations the inmates did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *See also Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997).  Accordingly, Plaintiff's placement in maximum security without a hearing did not violate his due process rights.

3

Plaintiff further claimed in his original complaint that the cell conditions in maximum security violated his Eighth Amendment rights.  Plaintiff claims that he observed feces and urine on the cell bars and on the ceiling from past occupants of the cell.  He continued:

> The feces on the bars and ceiling are not easily observable by ICJ deputies because the side of the cell bars not facing them when they make their rounds are afflicted, whereas deputies making their rounds do not look at the ceiling for feces on the water pipes.  Moreover, the ICJ deputies do not come in cells on maximum security looking at ceilings or the inner parts of cell bar for remains of feces and/or urine.

(Compl., 4, docket #1.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348.  The Supreme Court has adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment: "[ [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

4

Assuming Plaintiff satisfies the objective requirement, he fails to satisfy the objective component required to state an Eighth Amendment claim.  Plaintiff does not assert that he complained about the cell conditions to any of the named Defendants.  By his own account, the alleged urine and feces was not observable to the deputies making rounds.  Consequently, Plaintiff cannot show that Defendants were aware of the alleged unsanitary cell conditions and failed to take remedial action.  Plaintiff, therefore, fails to state an Eighth Amendment claim against them.

Plaintiff also claimed in his original complaint that during a routine cell search, Deputy Greer seized one and one half legal envelopes full of personal mail that Plaintiff had received during his incarceration.  According to Greer, the mail exceeded the personal property limitations for prisoners in maximum security.  Plaintiff alleges that he did not receive a hearing on the seized property, but that Greer gave him the choice of having the mail picked-up by someone else within thirty days or having it destroyed.  Plaintiff chose to have the mail picked-up.  Plaintiff claims that he was deprived of property in violation of his due process rights.  Because Plaintiff was given the opportunity to dispose of his excess property by sending it out of the jail, he was not permanently deprived of his property in violation of the Due Process Clause.  *See Friend v. Chapleau*, No. 95-5628, 1995 WL 607835, at *2 (6th Cir. 1995).

Plaintiff further claimed that "this Court did not take into consideration that because Defendant [sic] was on parole and hence a parole detainee awaiting trial on a new charge, Plaintiff was supposed to be treated in accordance with the principles set forth in *Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992)."  *Knop* involved the consolidated appeals in two class actions brought against the Director of the Michigan Department of Corrections by inmates of the Michigan prison system who challenge the constitutionality of a variety of conditions of their confinement.  Plaintiff does not explain, and the Court cannot discern, how its decision in this case was contrary to *Knop*.

5

<u>Conclusion</u>

Because the claims set forth in Plaintiff's original complaint fail to state a claim, Plaintiff has failed to identify any palpable defect that would direct a different disposition of the case. Consequently, Plaintiff's motion for reconsideration (docket #12) will be DENIED.

An Order consistent with this Opinion will be entered.


Dated:    July 27, 2005             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE